IN THE UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| IN RE: ) | | CHAPTER 13 CASE |
| ) | | No. 25-50142 |
| ANDRA DELANE TYSON, ) | | |
| ) | | |
| Debtor. ) | | |
| ) | | |

**OPINION AND ORDER DENYING MOTION TO
RECONSIDER DISMISSAL AND REINSTATE CASE**

Pursuant to notice, a hearing was held on Debtor's Motion to Reconsider Dismissal and Reinstate Case (ECF No. 49) (the "Motion"). Creditor Pierce County Auto filed an Objection (ECF No. 50) (the "Objection") to the Motion. For the reasons that follow, the Motion will be denied.

**BACKGROUND**

Debtor filed her chapter 13 petition on March 28, 2025. The filing fee of $313.00 was due to be paid in full by August 15, 2025. (ECF No. 31.) After Debtor failed to pay the filing fee, this case was dismissed with prejudice on August 19, 2025. (ECF No. 45.) Debtor paid the filing fee in full on September 17, 2025, and filed the current Motion the same day asking the Court to set aside the dismissal and reinstate her case. In support, she states in her Motion that she did not timely pay the filing fee because she "forgot" about it.

Pierce County Auto opposes reinstatement because Debtor has not made the

AO 72A
(Rev. 8/82)

requisite showing to set aside the dismissal under Federal Rule of Civil Procedure (the "Rule" or "Rules") 60(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024. (ECF No. 50.) Pierce County Auto also contends that the Motion should be denied because it is not made in good faith, as Debtor intentionally destroyed its collateral, a 2017 Ford Mustang, after the dismissal. (Id.)

At the hearing, Debtor's counsel confirmed that Debtor "forgot" to the pay the filing fee on time. Debtor then did not pay the filing fee until 33 days after the final deadline for payment had passed. Debtor's counsel acknowledged that no grounds to reinstate the case under Rule 60(b) applied in this case. Having considered the Motion, Objection, the arguments at the hearing, and the relevant law, for the reasons that follow, the Motion will be denied.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Rule 60(b) provides six reasons for which a court may grant relief from a judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying

2

>it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). "To prevail on a motion brought under [Rule] 60(b), the movant must demonstrate the applicability of at least one subpart of the Rule." In re Farnham, 666 B.R. 693, 703 (Bankr. M.D. Ga. 2024) (discussing Rule 60(b)). "To justify relief under [Rule] 60(b)(6)], a party must show extraordinary circumstances suggesting that the party is faultless in the delay." Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 393 (1993).

Here, Debtor has not presented any grounds under Rule 60(b) to set aside the dismissal of this case. Forgetting to pay the filing fee on time is not the type of extraordinary circumstances necessary for Rule 60(b) relief. See In re Faulkner, 605 B.R. 460, 462 (Bankr. E.D. Mich. 2019) (attorney office staff failing to ensure filing fee was paid was not grounds for Rule 60(b) relief); Zurich Am. Ins. Co. v. European Tile & Floors, Inc., 8:16–cv–729–T–33AAS, 2017 WL 638640, at *3 (M.D. Fla. Feb. 16, 2017) ("[O]verlooking deadlines . . . [is] within the movant's control and do[es] not constitute excusable neglect."); In re Dorff, 480 B.R. 919, 922-23 (Bankr. E.D. Wis. 2012) (denying Rule 60(b) motion to reinstate dismissed case and finding failure to pay filing fee due to debtor's misunderstanding of difference between attorney's fees and filing fee was not "mistake" or "excusable neglect"). Debtor has failed to bear her burden of demonstrating grounds to

set aside the dismissal. Accordingly, for the reasons stated above,

### **ORDER**

**IT IS HEREBY ORDERED** that the Motion (ECF No. 49) is **DENIED**.

                                             Michele J. Kim
                                             Chief United States Bankruptcy Judge
                                             Southern District of Georgia

Dated at Brunswick, Georgia,
this 9th day of February, 2026.